Mr. Gene Wilhoit, Director General Education Division Arkansas Department of Education 4 State Capitol Mall Little Rock, Arkansas 72201-1071
Dear Mr. Wilhoit:
This is in response to your request for an opinion regarding the appropriate interpretation of Section 2 of Act 1313 of 1997. Act 1313 provides in part:
 SECTION 2. Arkansas Code Annotated § 6-17-410 is amended to read as follows:
"6-17-410. First-time applicants and applicants for license renewal.
 (a)(1)(A)(i) Each first-time applicant for a license issued by the State Board of Education and each applicant for his or her first license renewal on or after July 1, 1997, shall be required to apply to the Identification Bureau of the Department of Arkansas State Police for a state and nationwide criminal records check, to be conducted by the Federal Bureau of Investigation. . . ."
Specifically, you have requested an opinion regarding the interpretation of the phrase "each applicant for his or her first license renewal on or after July 1, 1997." You state that two interpretations have been argued:
 1. The language only refers to the license holder's year one renewal that falls on or after July 1, 1997.
 2. The language requires that the license holder's first renewal that falls on or after July 1, 1997, will require a criminal records check. The renewal may be for year one or year thirty-one.
It is my opinion that the first time any license holder applies for a renewal on or after July 1, 1997, he or she is required to apply to the Identification Bureau of the Department of Arkansas State Police for a state and nationwide criminal records check. Consequently, it is my opinion that the second interpretation identified in your letter is the appropriate interpretation.
The beginning point in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Mountain Home Sch. Dist. v. T.M.J.Builders, 313 Ark. 661, 858 S.W.2d 74 (1993). In addition, the Arkansas Supreme Court adheres to the basic rule of statutory construction which is to give effect to the intent of the legislature. Id. Where the language of a statute is plain and unambiguous, the court will determine legislative intent from the ordinary meaning of the language used. Id.
Initially, it is my opinion that A.C.A. § 6-17-410, as amended, is susceptible to more than one interpretation. It is plausible that the language cited above simply refers to license holders who have held their license for only one year and who are applying for their first license renewal. When the meaning of a statute is ambiguous, the Arkansas Supreme Court will look at either the title or the emergency clause, or both, in order to determine legislative intent. Quinney v. Pittman, 320 Ark. 177,895 S.W.2d 538 (1995); McMahan v. Bd. of Trustees U. of A.,255 Ark. 108, 499 S.W.2d 56 (1973). The title of Act 1313 provides in part "An act . . . to require criminal record checks for applicants seekingrenewal of a license issued by the State Board of Education." (Emphasis supplied.) In addition, Act 1313 contains an emergency clause which provides in part:
 It is found and determined by the General Assembly of the State of Arkansas that Arkansas public school students and their parents or guardians should be secure in the knowledge that certified personnel employed by the local school district do not have criminal records and are not a potential threat to the safety of the students; and that an increasing number of incidents are occurring where certified personnel employed by local school districts are abusing students entrusted into the care of the school district; and that in some cases these incidents could have been avoided had the personnel been subjected to a criminal records check.
In my opinion, it is clear that the legislature intended to insure that all certified personnel have been subjected to a criminal records check. Accordingly, it is my opinion that A.C.A. § 6-17-410, as amended, requires that the first time any license holder applies for a renewal on or after July 1, 1997, he or she must apply to the Identification Bureau of the Department of Arkansas State Police for a state and nationwide criminal records check. This conclusion is supported by the legislature's decision to entitle A.C.A. § 6-17-410 as follows: "First-time applicants and applicants for license renewal." This language generally refers to all applicants for license renewal. If the pertinent language of the statute applied only to applicants who have held their license for one year and who are applying for their first renewal, then an enormous number of licensed personnel would not be subject to a criminal records check.
My interpretation is also supported by a review of the prior version of A.C.A. § 6-17-410, see Act 1310 of 1995, which provided in part:
 (a)(1)(A)(i) On and after July 1, 1996, each first-time applicant for a license issued by the State Board of Education shall be required to apply to the Identification Bureau of the Department of Arkansas State Police for a state and nationwide criminal records check, to be conducted by the Federal Bureau of Investigation.
In accordance, all personnel who were first-time applicants on or after July 1, 1996, were subject to a criminal records check. It appears that these are generally the same personnel who will be applying for their year one renewal on or after July 1, 1997. If the pertinent language of A.C.A. § 6-17-410, as amended, applied only to personnel applying for their year one renewal, then the general affect of the statute would be to simply require those license holders to submit to a second criminal records check.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh